UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
STEVEN MANNEY and JOSEPH LEONARDO,
as assignees of Bassline Digital Inc.,

                                                                  **OPINION AND ORDER**
                 Plaintiffs,                           13 CV 0053 (SJF)(GRB)

            - against-

INTERGROOVE MEDIA GMBH (formerly known as
Intergroove Tontrager Vertriebs GMBH),
INTERGROOVE U.S. INC., PETER MATTHIAS,
and EVA MATTHIAS,

                 Defendants.
----------------------------------------------------------------X
FEUERSTEIN, J.



On or about October 10, 2012, plaintiffs Steven Manney and Joseph Leonardo (collectively, "plaintiffs"), as assignees of Bassline Digital Inc. ("Bassline"), commenced an action in the Supreme Court of the State of New York, County of Nassau ("the state court") against defendant Intergroove Media GMBH (formerly known as Intergroove Tontrager Vertriebs GMBH) ("Intergroove Media"), defendants Peter Matthias and Eva Matthias (collectively, "the Matthias defendants"), and defendant Intergroove U.S. Inc. ("Intergroove U.S."), alleging claims for breach of contract; work, labor and services rendered; implied contract; and unjust enrichment. On January 3, 2013, Intergroove Media filed a notice of removal pursuant to 28 U.S.C. §§ 1441(b) and 1446, removing the action to this Court pursuant to this Court's diversity jurisdiction under 28 U.S.C. § 1332. Thereafter, (1) plaintiffs moved (a) pursuant to 28 U.S.C. § 1447(c) to remand this matter to the state court, and (b) to consolidate this action with a previously filed action against the same parties, Manney v. Intergroove Tontrager Vertriebs

1

GMBH. No. 10-cv-4493 ("Manney I"), in which a final judgment was entered against plaintiffs on December 6, 2011; and (2) Intergroove Media filed separate motions (a) to dismiss the action against it pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure for lack of *in personam* jurisdiction and failure to state a cause of action, respectively, and (b) to dismiss the action upon the ground of *forum non conveniens*. For the reasons stated herein, plaintiffs' motion to remand this action to the state court is granted; plaintiffs' motion to consolidate this action with Manney I is denied; and Intergroove Media's motions to dismiss are denied without prejudice to renewal in the state court.

I. Background

    A. Factual Allegations

        1. The Parties

Plaintiffs commenced this action as the assignees of Bassline, a Delaware corporation licensed to do business in the State of New York, which has its principal place of business at 53 East Merrick Road, Freeport, New York. (Compl., ¶ 1). Plaintiffs are primarily engaged in the business of video production. (Compl., ¶ 6).

Intergroove Media is a German limited liability company with its principal place of business in Offenbach am Main, Germany, (Compl., ¶ 2; Notice of Removal ["Rem."], ¶ 9), "engaged in the business of distributing pre-recorded videos (DVD's) [sic] and pre-recorded music." (Compl., ¶ 7). At all relevant times, Ralf Reichert ("Reichert") was the "Legally Authorized Business representative" and managing director of Intergroove Media. (Compl., ¶ 2).

Intergroove U.S. was incorporated in the State of New York on December 16, 1996 and

2

was dissolved by proclamation of the Secretary of State of the State of New York published on January 25, 2012 pursuant to New York Tax Law. (Declaration of Ralf Reichert, Joachkim Keil, Alberto Morales, Pascal Amann and William Archer in Support of Defendant Intergroove Media GMBH's Motion to Dismiss based on Lack of *In Personum* Jurisdiction and Failure to State a Cause of Action ["Reichert Decl."], Ex. 9). Plaintiffs allege, upon information and belief, that "[Intergroove] U.S. is a wholly owned subsidiary of Intergroove [Media], acts as a mere instrumentality of Intergroove [Media] and does business as the United States arm of Intergroove [Media]." (Compl., ¶ 8). However, according to Intergroove Media, in 1995, "Under Cover Music Group New York, Inc." ("USMG-NY") started doing business under the name "Intergroove U.S.," then formed Intergroove U.S. as its wholly-owned subsidiary in 1996, having two hundred (200) shares of common stock. (Rem., ¶ 14).

Intergroove Media further asserts that in 1996, Intergroove Media purchased from Intergroove U.S. thirty (30) of the two hundred (200) shares of stock in Intergroove U.S. (Rem., ¶ 15). On or about August 27, 2002, Intergroove Media sold those thirty (30) shares to UCMG Europe AG ("UCMG Europe"). Id. Neither Intergroove Media nor Reichert ever owned any interest in UCMG Europe, nor have they had any ownership interest in Intergroove U.S. since August 27, 2002. Id. In or about March 2003, UCMG Europe filed insolvency proceedings in Germany. Id.

The Matthias defendants are German citizens residing in Kembs, France. (Compl., ¶ 4). Plaintiffs allege, upon information and belief, that the Matthias defendants "acted as private entrepreneurs, agents, and intermediaries of Intergroove [Media]." (Compl., ¶ 9).

3

### 2. The Parties' Business Relationship

Plaintiffs allege that Leonardo has known the Matthias defendants "on [a] private level" for over twenty (20) years. (Compl., ¶ 10). Between approximately June 28, 2008 through July 29, 2008, Peter Matthias ("Peter") traveled to New York and met with plaintiffs. (Compl., ¶ 10). Plaintiffs allege that during that time, it was agreed that Peter would be the plaintiffs' exclusive agent or representative in Europe to solicit business for plaintiffs' video production service and Intergroove Media "was discussed as a possible business recipient of the Video Service." Id.

In September 2008, upon his return to Germany, Peter, allegedly acting on plaintiffs' behalf, negotiated a video production deal with Intergroove Media. (Compl., ¶ 10). According to plaintiffs, pursuant to that deal, Peter was "to share with Plaintiffs in the revenue generated from Intergroove [Media]." Id.

In November 2008, plaintiffs, Reichert and Peter met in Frankfurt, Germany "in order to solidify the deal[.]" (Compl., ¶ 11). In or about December 2008, after plaintiffs were contacted by Peter, they entered into an oral contract ("the December 2008 Contract"), pursuant to which Bassline agreed to deliver approximately twenty-five (25) to thirty (30) video productions to Intergroove Media in exchange for Intergroove Media's payment to Bassline of an hourly rate of six hundred fifty dollars ($650.00) for plaintiffs' services. (Compl., ¶ 12).

Plaintiffs allege that between approximately January 2009 and July 2009, they delivered twenty-seven (27) video productions directly to Intergroove Media and sent invoices directly to Intergroove Media requesting payment for their services. (Compl., ¶¶ 13-14). On or about April 1, 2009, plaintiffs sent Intergroove Media two (2) invoices totaling sixty-six thousand nine hundred fifty dollars ($66,950.00) for "its services," which remains unpaid. (Compl., ¶¶ 14-15).

4

On or about June 29, 2009, plaintiffs again traveled to Germany and met with Reichert and Peter to demand payment from Intergroove Media on the balance due of the two (2) invoices. (Compl., ¶¶ 16-17). Plaintiffs allege that Intergroove Media promised to make payment "and stated that they [sic] had a wholly owned subsidiary corporation in New York which was a guarantee that they would make payments. The subsidiary corporation being defendant [Intergroove] U.S., at 622 Broadway, New York 10012." (Compl., ¶ 18). According to plaintiffs, no payments were forthcoming from Intergroove Media. (Compl., ¶ 19).

Plaintiffs allege that Intergroove Media and Peter have since "made a new deal to offer the same services offered by [them] through a newly Incorporated English Limited Liability Company owned by [the Matthias defendants]." (Compl., ¶ 19). According to plaintiffs, "[u]sing the same exact, original unique creative Video production style and Intellectual Ideas acquired through the privileged relationship with the Plaintiffs, [the Matthias defendants] produced videos of almost the same quality as the Plaintiffs and in involvement with the Defendants." Id.

B.  Procedural History

On January 11, 2010, Bassline commenced an action in this Court against Intergroove Media ("the Bassline action"), alleging claims for breach of contract; goods and services sold and delivered; implied contract; unjust enrichment; and promissory estoppel, which was assigned to the Honorable Arthur D. Spatt under docket number 10-cv-0097. On March 26, 2010, Senior Judge Spatt entered a default judgment against Intergroove Media based upon its failure to answer the complaint or to otherwise appear in the Bassline action, and referred the matter to

5

United States Magistrate Judge E. Thomas Boyle to hear and determine the amount of damages to be awarded to Bassline. Magistrate Judge Boyle issued a report and recommendation dated July 29, 2010 ("the Report"), recommending that the default judgment against Intergroove Media be vacated for lack of personal jurisdiction since Intergroove Media had never been served with process in that action. By memorandum of decision and order dated October 7, 2010, Senior Judge Spatt adopted the Report in its entirety; vacated the default judgment against Intergroove Media; and dismissed Bassline's complaint against Intergroove Media without prejudice based upon Bassline's failure to effect proper service upon it. Judgment was entered against Bassline in the Bassline action on October 13, 2010.

On or about July 12, 2010, plaintiffs, in their capacity as "assignees of Bassline Digital Inc.," commenced Manney I against Intergroove Media, the Matthias defendants and Intergroove U.S. ("Manney I") in the state court, alleging the same claims against Intergroove Media as had been asserted in the Bassline action, with the exception that they omitted their claim based upon promissory estoppel and added a claim of fraud. Specifically, the Manney I complaint asserted claims for breach of contract; work, labor and services rendered; implied contract; unjust enrichment; and fraud in the inducement relating to defendants' purported failure to pay invoices sent to Intergroove Media on February 1, 2009, March 1, 2009, April 1, 2009, May 1, 2009 and June 1, 2009 in the total amount of seven hundred sixty-four thousand one hundred two dollars ($764,102.00). On October 1, 2010, Intergroove Media removed Manney I to this Court pursuant to 28 U.S.C. §§ 1441(b) and 1446, based upon this Court's diversity jurisdiction under 28 U.S.C. § 1332, and the action was assigned to me. By order dated November 30, 2011, *inter alia*, the branches of defendants' respective motions seeking dismissal of Manney I based upon plaintiffs'

lack of legal capacity to sue were granted and Manney I was dismissed in its entirety without prejudice. Judgment was entered against plaintiffs in Manney I on December 6, 2011. By opinion and order dated September 28, 2012, plaintiffs' motion for reconsideration of the final judgment was denied.

On or about October 10, 2012, plaintiffs, as assignees of Bassline,[1] commenced this action in the state court against Intergroove Media, the Matthias defendants and Intergroove U.S., asserting claims seeking damages in the total amount of sixty-six thousand nine hundred fifty dollars ($66,950.00), plus interest and costs, for breach of contract; work, labor and services rendered; implied contract; and unjust enrichment relating to defendants' purported failure to pay only the two (2) invoices sent to Intergroove Media on April 1, 2009.[2] On January 3, 2013, Intergroove Media removed the action to this Court pursuant to 28 U.S.C. §§ 1441(b) and 1446, based upon this Court's diversity jurisdiction under 28 U.S.C. § 1332.

Plaintiffs now move (a) to remand this matter to the state court pursuant to 28 U.S.C. § 1447(c), and (b) to consolidate this action with Manney I, and Intergroove Media moves to dismiss this action (a) pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure for lack of *in personam* jurisdiction and failure to state a cause of action, respectively, and (b) upon the ground of *forum non conveniens*.

---

[1] Plaintiffs have submitted evidence: (1) that on March 29, 2012, Bassline filed an application for authority to do business in the State of New York; (2) that as of October 19, 2012, Bassline was still authorized to do business in the State of New York; (3) that a Certificate of Renewal for Bassline was filed with the Secretary of State of the State of Delaware on December 6, 2011; and (4) that Bassline is a corporation in good standing and has a legal corporate existence in the State of Delaware. (Plaintiffs' Memorandum of Law in Support of Motion to Remand ["Plf. Mem."], Ex. 1). Thus, plaintiffs no longer lack the legal capacity to sue as assignees of Bassline.

[2] All of plaintiffs' claims are pled in the alternative.

II. DISCUSSION

A. Motion to Remand[3]

Pursuant to the removal statute, 28 U.S.C. § 1441(a), a civil action filed in state court may only be removed by a defendant to federal court if the district court has original subject matter jurisdiction over the plaintiff's claims. See Montefiore Medical Center v. Teamsters Local 272, 642 F.3d 321, 327 (2d Cir. 2011). "Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." Gunn v. Minton, 133 S. Ct. 1059, 1064, 185 L. Ed. 2d 72 (2013) (quotations and citation omitted); see also Purdue Pharma L.P. v. Kentucky, 704 F.3d 208, 213 (2d Cir. 2013) (holding that as courts of limited jurisdiction, federal courts "lack the power to disregard such limits as have been imposed by the Constitution or Congress." (quotations and citation omitted)). "Congress has granted district courts original jurisdiction over cases in which there is a federal question, see 28 U.S.C. § 1331, and certain cases between citizens of different states, so long as the requirements of complete diversity and amount in controversy are met, see 28 U.S.C. § 1332." Purdue Pharma, 704 F.3d at 213. Removal jurisdiction must be "strictly construed," Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 32, 123 S.Ct. 366, 154 L.Ed.2d 368 (2002); see also Purdue Pharma, 704 F.3d at 213 ("[F]ederal courts construe the removal statute narrowly * * *." (quotations and citation omitted)), and any doubts resolved against removability "out of respect for the limited jurisdiction of the federal courts and the rights of states." In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation, 488 F.3d 112, 124 (2d Cir. 2007); see also Purdue

---

[3] Since plaintiffs' motion to remand is based upon the Court's subject matter jurisdiction, it must necessarily be decided first.

8

Pharma, 704 F.3d at 213. "[J]urisdictional facts, such as the amount in controversy," are generally evaluated "on the basis of the pleadings, viewed at the time when the defendant files the notice of removal." Blockbuster, Inc. v. Galeno, 472 F.3d 53, 57 (2d Cir. 2006).

The burden of proving the Court's removal jurisdiction rests upon the party asserting jurisdiction. See Montefiore Medical Center, 642 F.3d at 327; see also Gilman v. BHC Securities, Inc., 104 F.3d 1418, 1421 (2d Cir. 1997). Thus, on a motion to remand, "the defendant bears the burden of demonstrating the propriety of removal." California Public Employees' Retirement System v. WorldCom, Inc., 368 F.3d 86, 100 (2d Cir. 2004) (quotations and citation omitted); see also Gilman, 104 F.3d at 1421 (holding that the defendant who removed the case to federal court on the basis of diversity jurisdiction "must shoulder th[e] burden" of proving that the case is properly in federal court).

"A district court must remand a case to state court 'if at any time before final judgment it appears that the district court lacks subject matter jurisdiction.'" Vera v. Saks & Co., 335 F.3d 109, 113 (2d Cir. 2003) (quoting 28 U.S.C. § 1447(c)).

B.  Amount in Controversy

Intergroove Media removed this action to this Court based upon the Court's diversity jurisdiction under 28 U.S.C. § 1332. That statute provides, in relevant part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between– * * * (2) citizens of a State and citizens or subjects of a foreign state * * *."

It is unnecessary to determine whether diversity of citizenship is present in this case, i.e.,

whether Intergroove U.S. is properly named as a defendant, because the amount in controversy requirement is not satisfied. "[T]he party invoking federal jurisdiction has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." Gilman, 104 F.3d at 1421 (alterations, quotations and citations omitted); see also United Food & Commercial Workers Union, Local 919, AFL-CIO v. Centermark Properties Meriden Square, Inc., 30 F.3d 298, 304-05 (2d Cir. 1994) (accord); Lupo v. Human Affairs International, Inc., 28 F.3d 269 (2d Cir. 1994) ("[T]he party asserting diversity jurisdiction in federal court has the burden of establishing the existence of the jurisdictional amount in controversy.") "Where * * * jurisdictional facts are challenged, the party asserting jurisdiction must support those facts with competent proof and justify its allegations by a preponderance of evidence." United Food, 30 F.3d at 305 (quotations, alteration and citation omitted). Thus, Intergroove Media must demonstrate by a preponderance of evidence that plaintiffs' complaint asserts claims exceeding the seventy-five thousand dollars ($75,000.00) jurisdictional amount.

The amount in controversy alleged in the complaint is sixty-six thousand nine hundred fifty dollars ($66,950.00), "for two invoices (2) [sic] that remain unpaid by the defendants for goods and services rendered." (Plaintiffs' Memorandum of Law, ¶ 7). Although plaintiffs also seek interest and costs, those amounts are expressly excluded from the amount in controversy requirement under the diversity statute. See 28 U.S.C. § 1332(a).

28 U.S.C. § 1446(c)(2) provides, in relevant part, that where removal is sought based upon this Court's diversity jurisdiction,

> "the sum demanded *in good faith* in the initial pleading shall be deemed to be the amount in controversy, except that– (A) the notice of removal may assert the amount in controversy if the initial pleading seeks– (i) nonmonetary relief; or (ii)

10

a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." (emphasis added).

The "established view" is that the "plaintiff is the master of its claim whose monetary demand is to be accorded deference." United Food, 30 F.3d at 305 (quotations, alteration and citation omitted); see also Standard Fire Ins. Co. v. Knowles, 133 S. Ct. 1345, 1350, 185 L. Ed. 2d 439 (2013) ("[F]ederal courts permit individual plaintiffs, who are the masters of their complaints, to avoid removal to federal court, and to obtain a remand to state court, by stipulating to amounts at issue that fall below the federal jurisdictional requirement.")

Plaintiffs' complaint does not allege an amount in controversy in excess of the jurisdictional amount. Although Intergroove Media contends that the sum demanded in the complaint is not entitled to deference because it was not made in good faith, as required by 28 U.S.C. § 1446(c)(2), it is not for this Court to speculate as to the reason why plaintiff omitted previously asserted claims in this action. It could just as easily be a legitimate act, e.g., that plaintiffs chose to omit the claims in order to pursue only their remaining claims in state court, their obviously preferred venue, as it is an act of bad faith gamesmanship, e.g., plaintiffs chose to omit the claims in order to prevent removal, but intend to amend their complaint once in state court to add the omitted claims or assert additional claims that could have been asserted in the original complaint.

The case upon which Intergroove Media relies in support of its proposition that the sum demanded in plaintiffs' complaint was not made in good faith is inapposite. In Armstrong v.

ADT Services, Inc., No. 06 Civ. 4925, 2007 WL 187693, at * 1 (S.D.N.Y. Jan. 23, 2007), following removal to federal court, the plaintiff filed an amended complaint reducing the amount of damages he sought for his claims for sex discrimination, harassment and retaliation to below the jurisdictional amount and then sought remand of the action to state court. However, the plaintiff in Armstrong did not also reduce his claims against the defendant. Unlike Armstrong, plaintiffs here have reduced the number of claims asserted and now seek damages relating to only two (2) invoices sent to Intergroove Media on April 1, 2009. Unlike the plaintiff in Armstrong, plaintiffs are not concealing the value of their claims, but reducing the number of claims, thus limiting their recovery in this action to only the value of the two (2) invoices to which the claims relate.

The other cases in this Circuit upon which Intergroove relies in support of its proposition that a plaintiff's refusal to stipulate to alleged damages, or to deny information contained in a pre-suit demand, can demonstrate that the amount in controversy exceeds the jurisdictional amount are also inapposite. In both Feldman v. Edwab, No. 1:10-cv-0261, 2011 WL 1298717, * 3 (N.D.N.Y. Mar. 3, 2011), and Felipe v. Target Corp., 572 F. Supp. 2d 455, 459 (S.D.N.Y. 2008), the complaints did not allege any specific amount of damages. Since both complaints did not specify the amounts in controversy, the courts looked beyond the pleadings to other evidence in the record to determine whether they had subject matter jurisdiction. In Armstrong, supra, there was evidence that the plaintiff was concealing the value of his claims. In this case, plaintiffs' complaint is specific as to the amount in controversy and plaintiffs are not concealing the value of the claims asserted in the complaint.

Plaintiffs are free to choose the claims to assert in their complaint and to omit previously

12

asserted claims in order to limit their recovery to below the jurisdictional amount of this Court, even though they may be entitled to more.[4] See St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 294, 58 S. Ct. 586, 82 L. Ed. 2d 845 (1938) ("If [the plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove.") If it turns out that plaintiffs, in fact, omitted the previously asserted claims solely to prevent the removal of this action to this Court and plaintiffs amend their complaint once in state court to re-plead the omitted claims, or any other claim which could have been asserted in the original complaint, thus raising the amount in controversy above the jurisdictional amount, Intergroove Media may again remove the action to this Court. See 28 U.S.C. §§ 1446(b)(3) ("Except as provided in subsection (c), if the case started by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable") and (c)(1) ("A case

---

[4] In their memorandum of law, plaintiffs "do not deny the possibility that there might be additional monies owed." (Plf. Mem., ¶ 7). Nonetheless, the jurisdictional facts must be ascertained based upon the claims in the complaint at the time the notice of removal was filed, and the fact that plaintiffs may (or may not) seek leave to amend their complaint at a later date is insufficient to confer subject matter jurisdiction upon this Court. Although New York courts are permitted to grant "a motion made by a plaintiff to increase the amount of relief requested in the *ad damnum* clause of the complaint * * * in the absence of prejudice to the defendant," Loomis v. Civetta Corinno Construction Corp., 54 N.Y.2d 18, 20, 444 N.Y.S.2d 571, 429 N.E.2d 90 (1981), plaintiffs' complaint only seeks recovery of the amount allegedly due them under two (2) invoices, albeit under alternative theories of recovery. In order to recover any amounts due under any other invoice, or otherwise, plaintiffs would have to amend their complaint to assert additional claims, rather than just filing a motion to increase their *ad damnum* clause. Thus, 28 U.S.C. § 1446(c)(2)(A)(ii) is inapplicable to this case. It is for the state court in the first instance to decide whether to permit plaintiffs to amend the complaint in light of the procedural history of this case.

may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, *unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.*" (emphasis added)). If such is plaintiffs' intent, the only result to them will be a delay of any recovery on their claims against defendants. Since this Court lacks original jurisdiction over this action at this time, plaintiffs' motion to remand this action to the state court pursuant to 28 U.S.C. § 1447(c) is granted.[5]

C. Judicial Estoppel

The doctrine of judicial estoppel, which Intergroove Media contends should preclude plaintiffs from claiming that the amount in controversy does not exceed the jurisdictional amount, is inapplicable.

"[J]udicial estoppel is an equitable doctrine invoked by a court at its discretion[,]" New Hampshire v. Maine, 532 U.S. 742, 750, 121 S. Ct. 1808, 149 L. Ed. 2d 968 (2001), to "prevent[] a party from asserting a factual position clearly inconsistent with a position previously advanced by that party and adopted by the court in some manner." Republic of Ecuador v. Chevron Corp., 638 F.3d 384, 397 (2d Cir. 2011) (quotations, alterations and citation omitted); see also New Hampshire, 532 U.S. at 749, 121 S. Ct. 1808 ("Where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice

---

[5] In light of this determination, plaintiffs' motion to consolidate this action with Manney I is denied as moot and Intergroove Media's motions to dismiss are denied without prejudice to renewal in the state court.

14

of the party who has acquiesced in the position formerly taken by him." (quotations and citation omitted)). Typically, the doctrine will apply if: "1) a party's later position is clearly inconsistent with its earlier position; 2) the party's former position has been adopted in some way by the court in the earlier proceeding; and 3) the party asserting the two positions would derive an unfair advantage against the party seeking estoppel." DeRosa v. National Envelope Corp., 595 F.3d 99, 103 (2d Cir. 2010) (internal quotations and citation omitted); see also New Hampshire, 532 U.S. at 750, 121 S. Ct. 1808; In re Adelphia Recovery Trust, 634 F.3d 678, 695-96 (2d Cir. 2011) (accord). "Because the doctrine is primarily concerned with protecting the judicial process, relief is granted only when the risk of inconsistent results with its impact on judicial integrity is certain." Republic of Ecuador, 638 F.3d at 397; see also In re Adelphia Recovery Trust, 634 F.3d at 696 (accord); DeRosa, 595 F.3d at 103 (accord).

According to Intergroove Media, plaintiffs' assertion in the Bassline action that "[t]he matter in controversy exceeds $75,000, exclusive of interest and costs," which was adopted by the Court in entering a default against Intergroove Media in that action, precludes plaintiffs from asserting otherwise in this action. However, since, *inter alia*, the claims in the two (2) actions are not the same, plaintiffs' assertion regarding the value of their claims in the Bassline action is not inconsistent with their position that the value of their claims in this action is less than the jurisdictional amount. Accordingly, the doctrine of judicial estoppel is inapplicable in this case.

III. Conclusion

For the reasons stated herein, plaintiffs' motion to remand this action to the state court is granted and this action is remanded to the Supreme Court of the State of New York, County of

15

Nassau. Plaintiffs' motion to consolidate this action with <u>Manney I</u> is denied as moot and Intergroove Media's motions to dismiss are denied without prejudice to renewal in the state court. The Clerk of the Court is directed to close this case; to mail a certified copy of this order to the clerk of the Supreme Court of the State of New York, County of Nassau pursuant to 28 U.S.C. § 1447(c); and to serve notice of entry of this Order on all parties in accordance with Rule 77(d)(1) of the Federal Rules of Civil Procedure.

SO ORDERED.  s/ Sandra J. Feuerstein

SANDRA J. FEUERSTEIN
United States District Judge

Dated: August 19, 2013
      Central Islip, N.Y.